## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 27, 1917.

## THE PEOPLE ex rel. MAX GOTTEHRER v. ULRICH WIESENDANGER, Etc.

### (179 App. Div. 124.)

DISORDERLY PERSON—ABANDONMENT OF WIFE AND CHILD—APPEAL TO COUNTY COURT FROM COURT OF SPECIAL SESSIONS—ERRONEOUS COMMITMENT BY COUNTY COURT AFTER DISMISSAL OF APPEAL.

Where a person was convicted by the Court of Special Sessions of the city of Yonkers of being a disorderly person for abandoning his wife and child without adequate support, and an appeal taken from the judgment was never perfected and was dismissed, the County Court had no authority to issue a new commitment after dismissing the appeal, for it could only review the judgment by virtue of the appeal.

JURISDICTION—POWERS OF COUNTY COURT UNDER SECTIONS 909-911, CRIMINAL PROCEDURE.

Sections 909-911, inclusive, of the Code of Criminal Procedure, conferring upon the County Court certain powers to discharge a defendant, or to parole him, etc., do not directly or inferentially authorize said court to disturb the terms of the judgment itself.

HABEAS CORPUS—JUDGMENT OF SPECIAL SESSIONS NOT AFFECTED BY COMMITMENT OF COUNTY COURT.

Although a writ of habeas corpus discharging the relator from custody under the commitment of the County Court issued under the circumstances aforesaid must be sustained, the original judgment of the Court of Special Sessions remains in full force and is binding upon the defendant.

APPEAL by Ulrich Wiesendanger, as sheriff, by the warden of the county jail of Westchester county, and by the People of the State of New York, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the

clerk of the county of Westchester on the 10th day of March, 1917, sustaining a writ of habeas corpus discharging the relator from custody.

The relator was convicted by the Court of Special Sessions of the city of Yonkers, under section 899 of the Code of Criminal Procedure, of being a disorderly person, in that he did abandon his wife and children without adequate support, etc. He was committed to the county jail in default of an undertaking in the sum of $500, to pay $10 a week. The appeal sought to be taken from the judgment was never perfected, and was dismissed. A new commitment was issued by the County Court in conformity with its order dismissing the appeal, which commitment was of the same effect as that of the court below. The relator, while in custody upon the commitment, applied to the County Court to modify the commitment by changing the direction as to the amount to be paid by him and to be secured by the undertaking, so as to reduce it to $5 a week. The commitment was so modified; relator gave an undertaking conditioned in accordance with the requirements of the modified commitment, and was released. Thereafter the County Court caused the relator to be brought before it pursuant to a subpoena. The County Court, after taking the testimony of the relator's wife and sons, and the testimony of the relator, decided and stated that the said weekly sum had been improvidently reduced without full knowledge of all the circumstances, upon representations which were shown by such testimony to be incorrect, stated that it was of opinion that the relator was able to pay the sum of $10 a week; and thereafter the court, of its own motion, make an order and a commitment pursuant thereto, whereby the relator was ordered to enter into an undertaking in the sum of $500 conditioned for the payment of $10 a week for the support of his wife and children, and in default thereof to stand committed to the Westchester County Jail for a term not exceeding six months. Pursuant thereto, a commitment was issued to the sheriff of the county of West-

chester to take the relator into custody and to detain him until he should file such security, in default whereof the relator should be committed to the county jail for a term not to exceed six months. The sheriff made return to the writ that the said relator was detained by him pursuant to the commitment last mentioned.

*Thomas A. McKennell, Assistant District Attorney (Lee Parsons Davis, District Attorney,* with him on the brief), for the appellants.

*Isadore Kallet,* for the respondent.

JENKS, P. J.:

The County Court dealt with the judgment of the Court of Special Sessions of the city of Yonkers as if there was an appeal therefrom. (See Code Crim. Proc., § 764.) It could not review that judgment save upon appeal. The statute is explicit. (Code Crim. Proc., § 749.) But the appeal had theretofore been dismissed.

It does not appear that the County Court attempted to act by virtue of the procedure prescribed and the powers conferred upon it by sections 909, 910 and 911 of the said Code. These sections contemplate a defendant in custody under a judgment. They authorize the County Court, in consideration of the circumstances, to discharge the defendant absolutely or on parole under a probation officer, or upon giving security, or, if a minor, to have him bound out, or, if of age, to authorize a contract for his service, under control, or to be kept in jail. But they neither directly nor inferentially authorize the County Court to disturb the terms of the judgment itself.

Inasmuch as the order of the Special Term recites that the sheriff returned that he held the relator upon a commitment of

the County Court, I think that it should be affirmed. But the relator stands convicted under the judgment of the said Court of Special Sessions, in full force and vigor, and he is liable to respond to it.

THOMAS, STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order affirmed.